UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Grand Jury N-18-1

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:18cr188(JAM) |
| v. | VIOLATIONS: |
| NORMAN PETERS, a/k/a "Ski" | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Possession With Intent to Distribute Cocaine) |
| | 21 U.S.C. § 843(b) (Use of a Telephone to Facilitate a Drug Trafficking Felony) |

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Possession with Intent to Distribute Cocaine)

1.　　On or about April 1, 2016, in the District of Connecticut, the defendant NORMAN PETERS, a/k/a "Ski," knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable quantity of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT TWO
(Use of a Telephone to Facilitate a Drug Trafficking Felony)

2.　　On or about April 1, 2016, in the District of Connecticut, the defendant NORMAN PETERS, a/k/a "Ski," did knowingly and intentionally use a communication facility, to wit, a telephone, to facilitate the knowing and intentional possession with intent to distribute cocaine, a

1

Schedule II controlled substance, which act is prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## FORFEITURE ALLEGATION
(Controlled Substance Offense)

3. Upon conviction of one or more of the controlled substance offenses alleged in Counts One and Two of this Indictment, the defendant NORMAN PETERS shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the said violations and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant named in this Indictment: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or disposed with, a third person; (c) has been placed beyond the jurisdiction of the United States District Court for the District of Connecticut; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said defendant, up to the value of the above-described forfeitable property.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
FOREPERSON

UNITED STATES OF AMERICA

JOHN H. DURHAM
UNITED STATES ATTORNEY

ANTHONY E. KAPLAN
ASSISTANT UNITED STATES ATTORNEY